UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIAS AWAD,

    Plaintiff,

v.                                                      Case No. 11-14082

CHRYSLER GROUP LLC,                   HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (Doc. 22) AND DISMISSING CASE**[1]

**I.  INTRODUCTION**

This is a case under the False Claims Act, 21 U.S.C. § 3729, *et seq.* (FCA).  Plaintiff Elias Awad (Awad) contends that Defendant Chrysler Group, LLC (Chrysler) retaliated against him for uncovering, attempting to report, and refusing to engage in fraudulent activity against the United States government as directed by his superiors.

The case was originally filed by Awad as a *qui tam* action against Chrysler, Fiat S.p.A., Fiat North America, LLC (Fiat), and Chrysler executives Michael Manley, Sergio Marchionne, Barbara Pilarski, and Richard Roth.  (Doc. 1).  The complaint was filed *in camera* and under seal and alleged a scheme to defraud the United States relating to Fiat acquiring ownership of Chrysler.  The complaint was in four counts:

    Count I        False Record; Fraudulent Concealment

    Count II       Conspiracy to Defraud the United States U.S. Government

---

[1] Upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count III        Retaliation of 31 U.S.C. § 3729(h)

    Count IV        State Claim; Retaliatory Discharge in Violation of Public Policy

The government has filed a Notice of Election to Decline Intervention under 31 U.S.C. § 3730(b)(4)(B).  *See* (Doc. 18).  Awad is continuing the action as relator in the name of the United States.

After the United States declined to intervene, Awad filed an amended complaint and discontinued the fraud and conspiracy claims under the FCA.  (Doc. 19).  Awad also dropped all the defendants except Chrysler.  The amended complaint is in two counts:

    Count I        Retaliation Under 31 U.S.C. § 3730(h)

    Count II        State Claim; Retaliatory Discharge in Violation of Public Policy

The United States consented to Awad's filing of the amended complaint discontinuing the fraud and conspiracy claims under the FCA. (Doc. 20). Now before the Court is Chrysler's motion to dismiss Awad's first amended complaint under Fed. R. Civ. P. 12(b)(6) on the grounds that Awad has already sued Chrysler in state court for wrongful termination and entered into a settlement agreement.  (Doc. 22).  Therefore, Chrysler argues that Awad's first amended complaint should be dismissed on res judicata grounds and principles of accord and satisfaction.  Alternatively, Chrysler argues that Awad fails to state a claim upon which relief can be granted.

Awad disagrees and argues that he could not have brought the current claims against Chrysler in the state court proceeding because he is pursuing this case as relator for the United States.  As such, Awad contends that this action is not barred by res judicata or the accord and satisfaction doctrine.  In addition, Awad says that he has stated claims upon which relief can be granted.

For the reasons that follow, Chrysler's motion is GRANTED.

## II. BACKGROUND

The scenario that follows is taken from the allegations in the first amended complaint which are accepted as true for purposes of Chrysler's motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 923 (6th Cir. 2013) (citing *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 535 (6th Cir. 2012) ("Because we are reviewing the district court's order of dismissal under Fed. R. Civ. P. 12(b)(6), we must accept as true the facts set out in the complaint.")).

Chrysler was formed on April 28, 2009 with the use of federal funds as a limited liability company. Through a Master Transaction Agreement, Chrysler agreed to purchase the assets of an entity named Old Carco. To facilitate the transaction, and in exchange for capital contributions, Chrysler issued membership interests to UAW, Fiat, the United States Department of the Treasury (United States), and Canada CH Investment Corporation (Canada).

Relevant to this action, Chrysler's operating agreement with the United States required it to keep complete and accurate books and records, including detailed financial records that accurately and fairly reflected all financial transactions and dispositions of assets of the company among other things.

Awad has been employed with Chrysler and its predecessors since 1998. From 2007 to 2010, Awad was regional controller for Latin America. From 2010 until his termination in 2011, Awad was Financial Director – Chief Financial Officer of the Chrysler de Venezuela subsidiary.

In January of 2010, Awad was assigned as the lead financial analyst on the sale of a subsidiary of Chrysler in Columbia (Chrysler Columbia). In this capacity, Awad conducted an initial analysis of Chrysler Columbia and determined that it had a fair market value of approximately $100,000,000. However, Chrysler's upper management instructed Awad to manipulate the books to reflect that Chrysler Columbia had a fair market value of only $1,500,000, a fraction of its true value, so as not to record its true value.

Awad objected to manipulating the books. He voiced his objections and concern to upper management and Chrysler's in-house counsel. Awad was subsequently removed from the project involving the Chrysler Columbia account and reassigned to work in Venezuela on August 5, 2010. Awad received a performance appraisal that was less favorable than in prior years. He was later demoted and eventually terminated from his employment with Chrysler.

On September 7, 2011, Awad filed an action in Wayne County Circuit Court, later transferred to Oakland County Circuit Court, against Chrysler and certain Chrysler executives claiming that he was wrongfully terminated from his employment with Chrysler. This action was filed thirteen days later on September 20, 2011.

In the state court action, Awad claimed that he was entitled to receive a relocation allowance for being relocated to Venezuela, as well as a monthly housing allowance and a quality of life allowance. He claimed that he did not receive these payments. In addition, Awad claimed that, while he was in Venezuela, he was falsely accused by Chrysler of violating its vehicle purchase policy in 2009. Awad alleged that Chrysler terminated him on June 23, 2011 claiming that he violated the vehicle purchase policy. Awad claimed:

    Count I        Breach of Contract

    Count II       Wrongful Discharge

    Count III      Defamation

    Count IV     Violation of the Bullard-Plawecki Employee Right-To-Know Act

    Count V      Reverse Discrimination and Violation of the Michigan Elliot-Larsen Civil Rights Act

The action was sent to Case Evaluation pursuant to MCR 2.403. Each side accepted the Case Evaluation award and the case was dismissed with prejudice on November 2, 2012.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted).

Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

Chrysler asserts that Awad's claims in this action are barred by the doctrine of res judicata. Chrysler's position is well-taken.

**A. Res Judicata – The Law**

Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court must give preclusive effect to prior state court actions according to preclusion law of the state. *San Remo Hotel, L.P. v. City and Cnty. Of San Fran., Cal.*, 545 U.S. 323, 336 (2005) ("This statute has long been understood to encompass the doctrines of res judicata, or "claim preclusion," and collateral estoppel, or "issue preclusion."); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 520 (6th Cir. 2004) ("[P]reclusive effect must be given to . . . prior state-court action[s] under 28 U.S.C. [§] 1738 according to res judicata law of the state.").

The Michigan Supreme Court has recognized that "[t]he doctrine of res judicata bars a subsequent action when '(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both

actions involve the same parties or their privies." *Estes v. Titus*, 481 Mich. 573, 585 (2008); *Adair v. State*, 470 Mich. 105, 121 (2004). The essence of the doctrine is that it "bars all matters that with due diligence should have been raised in the earlier action." *Estes*, 481 Mich. at 585. The Michigan Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 121.

**B. Analysis**

After applying res judicata principles, the Court comes to the conclusion that the claims in Awad's first amended complaint must be dismissed.

**1. The state-court dismissal constitutes a "prior state-court adjudication"**

First, there is no question that there is a prior state-court action that was decided on the merits. Awad filed an action in state court against Chrysler and its executives. The action was sent to Case Evaluation and, after the parties agreed on a Case Evaluation amount, the state court judge issued an order of dismissal with prejudice. A dismissal with prejudice serves as a final adjudication for res judicata purposes. *Wilson v. Kinght-Ridder Newspapers, Inc.*, 190 Mich. App. 277, 278 (1991).

Awad argues that the prior state court action does not amount to a "decision on the merits" for res judicata purposes because it addressed different claims than the claims raised here. Awad's argument is misplaced. Awad's attack goes to the second res judicata factor–whether his claims in the federal court action were or could have been brought in the state court action. This does not change the fact that the state-court dismissal was a final adjudication.

7

**2. Awad's claims in the federal action could have been resolved in the state-court action**

The second factor the Court considers is whether Awad's claims in this action could have been brought in the state-court action. Awad's state-court action challenged, among other things, his wrongful termination from Chrysler. Therefore, he could have brought his current claims in the state-court action.

Awad first contends that he could not have brought his claims in state court because the *qui tam* action would have been subject to dismissal. Awad relies on the Sixth Circuit's decisions in *Summers v. LHC Grp.*, 623 F.3d 287 (6th Cir. 2010) and *Poteet v. Medtronic, Inc.*, 552 F.3d 503 (6th Cir. 2009) for the proposition that public disclosure of the facts and circumstances giving rise to the *qui tam* action would have rendered the subsequent *qui tam* action subject to dismissal. His reliance on these cases is not helpful to his position.

The False Claims Act (FCA) contains a public disclosure provision that limits jurisdiction of federal courts over *qui tam* actions that are "based upon previously disclosed information." *Poteet*, 552 F.3d at 511 (citing 31 U.S.C. § 7370(e)4)(A); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 973 (6th Cir. 2005); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007). The public disclosure provision states,

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). An original source is defined as "an individual who has direct and independent knowledge of the information on which the allegations are based and has

voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B).

The Sixth Circuit has explained the process in determining whether the FCA's public disclosure jurisdictional bar applies:

> To determine whether § 3730(e)(4)(A)'s jurisdictional bar applies, a court must consider "first whether there has been any public disclosure of fraud, and second whether the allegations in the instant case are 'based upon' the previously disclosed fraud." "If the answer is 'no' to [either] of these questions, the inquiry ends, and the *qui tam* action may proceed; however, if the answer to each of the above questions is 'yes,' then we must determine whether the relator nonetheless qualifies as an 'original source' under § 3730(e)(4)(B), in which case the suit may proceed."

*Poteet*, 552 F.3d at 511 (internal citations omitted).

Here, had Awad brought the current claims in the state-court action, there is no question that the filing of the complaint in state court would constitute a public disclosure of fraud and would have been "previously disclosed." *Id.* at 513 (reasoning that the filing of a state court complaint is "clearly" a public disclosure) (citations omitted).

However, Awad is the "original source," and, therefore, his argument that he could not have brought the current claims in state court because this Court would not have had jurisdiction over the subsequent *qui tam* action is without merit. An "original source" is "'an individual: (1) with direct and independent knowledge of the information on which the allegations are based; and (2) who has voluntarily provided the information to the government before filing an action under the FCA which is based upon the information.'" *Id.* at 515 (citation omitted). As the Sixth Circuit stated, "[w]ith respect to this second element, we have clarified that '[i]n addition to the requirement that a relator must have provided information to the government prior to filing her FCA suit, . . . a relator must also

provide the government with the information upon which the allegations are based prior to any public disclosure.'" *Id.* (citations omitted).

Awad has direct knowledge of the information on which the allegations are based. Indeed, the allegations involve actions directed at *him* for allegedly failing to alter Chrysler's books. In addition, Awad communicated to the government the information upon which the allegations are based. Awad alleged in the original complaint:

> As required by the False Claims Act, 31 U.S.C. § 3730(b)(2), the Relator has provided to the Attorney General of the United States and to the United States Attorney for the Eastern District of Michigan a statement of all material evidence and information related to the Complaint. The disclosure statement is supported by material evidence known to Relator at his filing establishing the existence of Defendants' false claims and active concealment.

(Doc. 1 at 1). Having satisfied the requirements to constitute an "original source," Awad's argument that he could not have brought his current claims in the state-court action is without merit.

Next, Awad argues that the federal courts have exclusive jurisdiction in FCA cases and, therefore, he could not have raised the current claims in the state-court action. He is wrong. Another court in this district has considered this issue and rejected Awad's position. *See Ernsting v. Ave Maria Coll.*, No. 06-10636, 2006 WL 1284626 (E.D. Mich. May 10, 2006) (Cleland, J.).

Under the FCA, "[a]n action . . . may be brought in the appropriate district court of the United States for the relief provided in this subsection." 31 U.S.C. § 3730(h). The court in *Ernsting* explained that this language does not alter the concurrent state-court jurisdiction to hear FCA actions. First, the court explained that the use of the word "may," a permissive form, "cuts exactly against an argument that a presumption of concurrent jurisdiction should

be overcome." *Id.* at *3. Second, the court reasoned that the legislative history does not support the position that federal courts have exclusive jurisdiction over FCA actions. *Id.* Finally, the court determined that there was no "clear incompatibility" between state-court jurisdiction and federal interests. *Id.* at 4 (citation omitted). As such, the court determined that the "Plaintiff has not shown how the word 'may' is properly to be interpreted only as 'must' such that the Act instructs '[a]n employee *must* bring an action in the appropriate district court of the United States. . . .'" *Id.* (citation omitted).

The Court agrees with the *Ernsting* court that state-court jurisdiction is concurrent with federal jurisdiction in FCA actions. Therefore, Awad could have brought the current claims in the state-court action.

Finally, Awad argues that he could not have brought the current claims in the state-court action because the claims here involve a different subject matter, transaction, and occurrence. He argues that the state-court action involved his employment with Chrysler in Venezuela. Awad contends that this action is different because it only involves his employment with Chrysler in the Columbia subsidiary. The Court is not persuaded by Awad's argument.

Both actions involve the underlying issue of Awad's allegedly unlawful termination from Chrysler. One theory involves facts relevant to his employment in Venezuela. The second theory involves facts relevant to his employment in the Columbia subsidiary. In essence, Awad has two different theories of why he was ultimately retaliated against and terminated from his employment with Chrysler. The claims should have been brought together.

Awad's argument that different evidence would be required for the current claims does not change the result. The Michigan Supreme Court has rejected the "same evidence" test which bars a second suit "if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions." *Adair*, 470 Mich. at 124 (citation and internal quotation marks omitted). Instead, the Michigan Supreme Court has adopted the broader "same transaction" test which "provides that 'the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.'" *Id.* (citation omitted). "'Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit . . . ." *Id.* at 125 (citing 46 Am. Jur. 2d, Judgments 533, p. 801) (emphasis in original).

Here, as Chrysler points out, Awad "should have and could have brought his federal claims in the state court action because they arose from the same transactional set of facts – his alleged discharge from Chrysler." (Doc. 22 at 16, Def's. Mot. to Dismiss). Awad's contention that the claims involve different facts–his employment with the Columbia subsidiary versus his employment with Chrysler in Venezuela–overlooks his main complaint–that he was retaliated against and eventually discharged by Chrysler. His alternative theories should have been presented in one case regardless of the different evidence which would have been required to prove the alternative theories.

### 3. The state-court action involved the same parties

The final factor for res judicata to apply is that the prior state-court action involved the same parties or privies. Defendant argues that the prior state-court action involved

different parties because, in addition to Chrysler, it involved named executives that are not defendants in this action. The Court disagrees. "The parties to the second action need be only substantially identical to the parties in the first action." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 13 (2003) (citation omitted). There can be no question that Chrysler was a defendant in both actions. That Chrysler is the *only* defendant in the subsequent federal court action does not alter the analysis. *Ray v. Citibank, N.A.*, No. 256322, 2005 WL 3179677, at *2 (Mich. Ct. App. Nov. 29, 2005) ("It is also undisputed that plaintiff and defendant were opposing parties in the federal action. Under federal law, it is immaterial for res judicata purposes that the prior action included additional parties."), citing *Nolan v. Owensboro*, 75 F.2d 375, 376–77 (6th Cir. 1935).

## V. CONCLUSION

For the reasons stated above, Chrysler's motion to dismiss has been granted. This action is barred by the doctrine of res judicata and is, therefore, DISMISSED.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 29, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160